Filed 2/1/22  P. v. King CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>IRA CARL KING,<br><br>        Defendant and Appellant. | A162731<br><br>(Alameda County<br>Super. Ct. No. 130156A) |

Ira Carl King appeals from the trial court's denial of his resentencing petition under Penal Code section 1170.95[1].  His appointed appellate counsel has filed a brief raising no issues but seeking our review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Our independent review of the record reveals no arguable issues, and we affirm.

### BACKGROUND

A jury convicted King of first degree murder (§§ 187, 189, subd. (a)) and found true an allegation that during the commission of the offense, he "personally use[d] a deadly and dangerous weapon" – an axe handle (§ 12022, subd. (b)).

King filed a section 1170.95 petition alleging that the information filed against him allowed the prosecution to proceed

---

[1] Undesignated statutory references are to the Penal Code.

1

under a felony murder theory or the natural and probable consequences doctrine; that he was convicted of murder pursuant to the felony murder rule or natural and probable consequences doctrine; and that he could not now be convicted of murder based on the January 1, 2019 amendments to sections 188 and 189. (See Sen. Bill No. 1437 (2017-2018 Reg. Sess.), Stats. 2018, ch. 1015, §§ 1-3.)

The People opposed the petition, asserting that King was ineligible for resentencing under the amendments because he was the actual killer. (See § 189, subd. (e)(1) [permitting murder liability based on felony murder or a natural and probable consequences theory for a person who was the actual killer], added by Stats. 2018, ch. 1015, § 3.) With the parties' agreement, the trial court issued an order to show cause and held an evidentiary hearing the same day. The People relied on the jury's verdict form, which indicated the jury found King guilty of first degree murder and found that he personally used a deadly and dangerous weapon in the commission of the offense. In addition, the People submitted the appellate opinion from King's direct appeal. (See *People v. Ira Carl King* (Feb. 8, 2002, A092494) [nonpub. opn.] (*King*).)

The prior opinion contained a detailed summary of the evidence at King's trial. Among other evidence, the prosecution introduced evidence that King twice admitted during police interviews that he hit the victim in the head with a stick because he believed the victim owed him money. (*King*, *supra*, at pp. 5-6.) In addition, the prosecution introduced medical evidence that the victim died of blunt trauma to the side of his head. (*Id.*, at p. 7.) King also testified at trial that he hit the victim with a stick, and another defense witness testified that King swung a stick like a baseball bat and hit the victim in the head. (*Id.*, at pp. 8-9.) None of the evidence summarized in the opinion indicated that any other party assaulted the victim. (*Id.*, at pp. 1-9.)

King raised a hearsay objection to the appellate opinion, but did not introduce any evidence. The trial court denied the petition, concluding that King was ineligible for resentencing because he was the actual killer.

## DISCUSSION

Appointed counsel advised King of his right to file a supplemental brief, and King has not filed such a brief. We have independently reviewed the record for potential error and identified no arguable issues.

Consistent with the procedural requirements of section 1170.95, the trial court appointed counsel to represent King and, after receiving briefing, issued an order to show cause and held an evidentiary hearing to determine his eligibility for relief. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).) Substantial evidence supports the court's determination that the prosecution met its burden of proving that King is ineligible for resentencing because he was the actual killer. (See § 189, subd. (e)(1); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 [petitioner was "the actual killer" where jury found the defendant personally used a deadly weapon and "the murder involved a single perpetrator" and "was not a situation in which multiple persons carried out the attack"], abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at pp. 963-965; *People v. Woodell* (1998) 17 Cal.4th 448, 459-461 [prior appellate opinion may be considered for nonhearsay purpose of determining whether defendant's conviction was based on personal or vicarious liability].)

## DISPOSITION

The trial court's order denying the petition is affirmed.

3

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

NEEDHAM, J.

A162731